UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN GERLACH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SACRAMENTO POLICE K-9 DIVISION,<br><br>　　　　　Defendant. | No. 2:15-cv-1373-EFB P<br><br><br><br>ORDER |

Plaintiff is county inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983.  He has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

**I.　Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.　Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**III.   Screening Order**

The court has reviewed plaintiff's complaint, amended complaint, and declaration (ECF Nos. 1, 5, 6) pursuant to § 1915A and finds that it must be dismissed with leave to amend.

/////

/////

1  Plaintiff names the "Sacramento Police K-9 Division" as the defendant.  He claims that after he
2  was chased by police, he passed out.  He claims that he was awoken by a police dog, who bit and
3  shook him.  As explained below, plaintiff fails to state a claim.  To proceed, plaintiff must file an
4  amended complaint.

5   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1)
6  that a right secured by the Constitution or laws of the United States was violated, and (2) that the
7  alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*,
8  487 U.S. 42, 48 (1988).   An individual defendant is not liable on a civil rights claim unless the
9  facts establish the defendant's personal involvement in the constitutional deprivation or a causal
10 connection between the defendant's wrongful conduct and the alleged constitutional deprivation.
11 *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44
12 (9th Cir. 1978).

13  Plaintiff may not sue any official on the theory that the official is liable for the
14 unconstitutional conduct of his or her subordinates.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).
15 Instead, he must identify the particular person or persons who violated his rights.  He must also
16 plead facts showing how that particular person was involved in the alleged violation.

17  In order to state a claim for the use of excessive force by a pretrial detainee, a plaintiff
18 "must show only that the force purposely or knowingly used against him was objectively
19 unreasonable."  *Kingsley v. Hendrickson*, __ S. Ct. __, 2015 U.S. LEXIS 4073, at *12 (June 22,
20 2015).  Here, plaintiff may be able to state a cognizable excessive force claim if he can allege
21 facts demonstrating that the force used was objectively unreasonable under the circumstances.
22 However, plaintiff has not named a proper defendant.  Plaintiff does not name as a defendant the
23 dog handler or police officer in charge of the dog.  Plaintiff includes no allegations asserting
24 liability on the part of the city or the K-9 Division.  Local government entities may not be held
25 vicariously liable under section 1983 for the unconstitutional acts of its employees under a theory
26 of respondeat superior.  *See Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997).  A
27 municipal entity or its departments is liable under section 1983 only if plaintiff shows that his
28 constitutional injury was caused by employees acting pursuant to the municipality's policy or

1  custom. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell v. New
2  York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Villegas v. Gilroy Garlic Festival Ass'n*,
3  541 F.3d 950, 964 (9th Cir. 2008).

4  In addition, the court notes that it appears from plaintiff's filings that he wishes to amend
5  or add to his complaint in a piecemeal fashion through separate filings. This, however, is not the
6  proper procedure for amending a complaint. Plaintiff may not amend his complaint in a
7  piecemeal fashion by filing separate documents that are intended to be read together as a single
8  complaint. If plaintiff wishes to add, omit, or correct information in the operative complaint, he
9  must file an amended complaint that is complete within itself.

10  Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a
11  cognizable legal theory against a proper defendant and sufficient facts in support of that
12  cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)
13  (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in
14  their complaints). Should plaintiff choose to file an amended complaint, the amended complaint
15  shall clearly set forth the claims and allegations against each defendant.

16  Any amended complaint must not exceed the scope of this order and may not add new,
17  unrelated claims. Further, any amended complaint must cure the deficiencies identified above
18  and also adhere to the following requirements:

19  Any amended complaint must identify as a defendant only persons who personally
20  participated in a substantial way in depriving him of a federal constitutional right. *Johnson v.
21  Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a
22  constitutional right if he does an act, participates in another's act or omits to perform an act he is
23  legally required to do that causes the alleged deprivation). It must also contain a caption
24  including the names of all defendants. Fed. R. Civ. P. 10(a).

25  Any amended complaint must be written or typed so that it so that it is complete in itself
26  without reference to any earlier filed complaint. L.R. 220. This is because an amended
27  complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the
28  earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114

F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. Local Rule 110.

## IV. Summary of Order

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Sheriff of Sacramento County filed concurrently herewith.
3. The complaint is dismissed with leave to amend within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint." Failure to comply with this order will result in this action being dismissed for failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated: January 24, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE